

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00322-CV

IN THE INTEREST OF R.A.L., M.N.M., AND J.A.M., CHILDREN,

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A40486-1508, Honorable Robert W. Kinkaid, Jr., Presiding

November 15, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

L.L., the mother of R.A.L., M.N.M., and J.A.M., appeals the trial court's order terminating her parental rights to the three children. L.L.'s appointed counsel has filed a brief in conformity with *Anders v. California* rendering his professional opinion that any issue that could be raised on appeal is frivolous and without legal merit. *See* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). L.L.'s counsel avers that he has zealously reviewed the record in this matter and can find no arguable points of appeal. Counsel has filed a motion to withdraw and provided L.L. with a copy of the brief. Further, counsel has advised L.L. that she has the right to file a *pro se* response to the

motion to withdraw and *Anders* brief. The Court has likewise advised L.L. of this right. Additionally, L.L.'s counsel has certified that he has provided appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014). L.L. has not favored the Court with a response.

This Court has long held that an appointed attorney in a termination case might discharge her professional duty to her client by filing a brief in conformity with the *Anders* process. *See In re A.W.T.*, 61 S.W.3d 87, 88–89 (Tex. App.—Amarillo 2001, no pet.) (per curiam). Likewise, other intermediate appellate courts have so held. *See Sanchez v. Tex. Dep't of Family and Protective Servs.*, No. 03-10-00249-CV, 2011 Tex. App. LEXIS 2162, at *1, (Tex. App.—Austin Mar. 24, 2011, no pet.) (mem. op.); *In re L.K.H*, No. 11-10-00080-CV, 2011 Tex. App. LEXIS 1706, at *2–4, (Tex. App—Eastland Mar. 10, 2011, no pet.) (per curiam) (mem. op.); *In re D.D.*, 279 S.W.3d 849, 849–50 (Tex. App.—Dallas 2009, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 326–27 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Pursuant to our obligation described in *In re D.D.,* 279 S.W.3d at 850, we too reviewed the appellate record in search of arguable issues for appeal. Yet, no arguable issue was found. We concur with counsel's representation that L.L.'s appeal is meritless due to the absence of reversible error.

Accordingly, the order of termination is affirmed. However, we deny the motion to withdraw filed by L.L. *See In re P.M.,* ___ S.W.3d ___, 2016 Tex. LEXIS 236, at *7-8 (Tex. 2016) (per curiam) (holding that (1) the right to appointed counsel under Section 107.013(a) of the Texas Family Code includes the exhaustion of appellate remedies through the Texas Supreme Court, (2) counsel's belief that his client has no grounds to

seek further review alone is not good cause to permit counsel's withdrawal, and (3) appointed counsel's obligations can be satisfied by filing a petition for review with the Supreme Court comporting with *Anders).*

Per Curiam