

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00292-CV

IN THE INTEREST OF D.R., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103837-16

----------

### MEMORANDUM OPINION[1]

----------

Appellants D.B. (Mother) and J.R. (Father) appeal the trial court's final order terminating their parental rights to D.R. *See* Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2016). As to Mother, the trial court found by clear and convincing evidence that her actions satisfied the termination grounds listed in family code section 161.001(b)(1)(D), (E), (M), (N), and (O) and alleged in the

---

[1]*See* Tex. R. App. P. 47.4.

petition for termination. *See id.* § 161.001(b)(1)(D), (E), (M), (N), (O). As to Father, the trial court found by clear and convincing evidence that his actions satisfied the termination grounds listed in family code section 161.001(b)(1)(D), (E), (N), and (O) and alleged in the petition for termination. *See id.* § 161.001(b)(1)(D), (E), (N), (O). The trial court further found by clear and convincing evidence that termination of Mother's and Father's parental rights was in D.R.'s best interest. *See id.* § 161.001(b)(2).

On October 17, 2017, Mother's appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. On October 30 and 31, 2017, Father's counsel did likewise. Both counsel state that they have conducted a professional evaluation of the record and, after a thorough review of the applicable law, have reached the conclusion that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous.

Both counsel's briefs and motions present the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In pre K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, Mother's counsel and Father's counsel informed them of their right to request the

2

record and to file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). In addition, this court informed Mother of these rights and gave her until November 11, 2017, to notify this court of her intent to respond. *See id.* This court also informed Father of these rights and gave him until November 15, 2017, to notify this court of his intent to respond. Mother did not file a pro se response. On November 10, 2017, Father filed a "Motion to Dismiss Counsel," in which he requested that his appointed counsel "be released" and that we appoint him a new attorney. Father also filed a response to his counsel's *Anders* brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any arguable grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed Mother's counsel's and Father's counsel's briefs, the appellate record, and Father's response. Finding no reversible error,

we agree that Mother's and Father's appeals are without merit.[2]  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).  Having found nothing in the record that might arguably support Mother's and Father's appeals, we affirm the trial court's final order of termination.[3]  However, we deny Mother's counsel's and Father's counsel's motions to withdraw, as both counsel have failed to show the requisite good cause separate and apart from their determinations that there are no arguable grounds for appeal.  *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED:  February 9, 2018

---

[2]Having independently reviewed Mother's counsel's and Father's counsel's briefs, the appellate record, and Father's response and determined that no arguable grounds for appeal exist, we deny Father's "Motion to Dismiss Counsel."

[3]On December 18, 2017, Father filed a "Pro Se Motion Request for Trial De Novo to Include Affidavit of Errors" and two documents both entitled "Pro Se Motion Request Order for Reinstatement of Visitation Rights."  We deny these motions as moot.