

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00388-CV

IN THE INTEREST OF C.H., Z.H.,
AND D.H-M., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104191-16

----------

## MEMORANDUM OPINION[1]

----------

The mother of C.H., Z.H., and D.H.-M. appeals from the trial court's judgment terminating her parental rights. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D–E), (N), (O), (Q), (b)(2) (West Supp. 2017). We affirm.

Mother's appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion in which he asserts that Mother's appeal is

---

[1]*See* Tex. R. App. P. 47.4.

frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in termination of parental rights cases). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Counsel and this court also sent Mother a letter informing her of her right to file a response to the *Anders* brief, which she has done. The State has declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see In re P.M.*, 520 S.W.3d 24, 27 & nn.9–10 (Tex. 2016) (order). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, Mother's response, and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim.

---

[2]Counsel opines that the evidence supporting termination on (N) and (O) grounds is legally insufficient and requests that we reform the judgment to delete

App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to her three children.

Because counsel's motion to withdraw does not show good cause for the withdrawal independent from his conclusion that the appeal is frivolous, we deny the motion. *See P.M.*, 520 S.W.3d at 28; *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).[3]

PER CURIAM

PANEL: BIRDWELL, J.; SUDDERTH, C.J.; and WALKER, J.

DELIVERED: April 12, 2018

---

those grounds. Counsel cites no authority for this request. Because once we determine that termination was sufficient on at least one conduct ground we need not address the sufficiency of the evidence supporting other grounds—and because the trial court's (Q) finding is supported by sufficient evidence—we decline to reform the judgment. *See In re A.V.*, 113 S.W.3d 355, 362–63 (Tex. 2003).

[3]The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

3