

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00426-CV

———————————————————

IN THE INTEREST OF M.D., A CHILD

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV17-00736

Before Birdwell, Pittman, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

M.D.'s Father appeals from the trial court's judgment terminating his parental rights for endangerment and failing to complete a court-ordered service plan. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We affirm.

Father's appointed appellate counsel has filed a motion to withdraw and an amended brief in support of that motion in which she asserts that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that this court applies *Anders* procedures in parental-rights termination cases). The amended brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.[1] Although provided with the record, Father has not filed a pro se response. The State has declined to file a brief.

---

[1]We ordered counsel to file an amended brief because the analysis referred only to an unrelated criminal case rather than the record in this termination appeal. Although counsel's amended *Anders* brief still contains references that appear to be from a prior criminal case rather than specifically related to this case, we are nevertheless satisfied that counsel reviewed the record in this case under the proper standards and law. *See Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014) ("The purpose of the *Anders* brief is to satisfy the appellate court that the appointed counsel's motion to withdraw is, indeed, based upon a conscientious and thorough review of the law and facts . . . ."); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order) (noting that counsel in termination appeal may satisfy obligation to client by "filing an appellate brief meeting the standards set in *Anders v. California*, and its progeny" (footnote omitted)); *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409, at *3–4 (Tex. App.—San Antonio Dec. 19, 2018, order) (en banc) (discussing uniform standards for *Anders* briefing in criminal appeals and concluding that the same

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's amended brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating Father's parental rights to M.D.

Because counsel's motion to withdraw does not show good cause for the withdrawal independent from counsel's conclusion that the appeal is frivolous, we deny the motion. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*,

---

standards apply to *Anders* briefs in termination appeals). For example, although counsel's amended brief still refers to the criminal standard of review for sufficiency of the evidence rather than the applicable clear and convincing standard, the clear and convincing standard is an "intermediate standard of proof [that] falls between the preponderance standard of proof in most civil proceedings and the reasonable doubt standard of proof in most criminal proceedings." *In re S.P.*, 444 S.W.3d 299, 302 (Tex. App.—Fort Worth 2014, no pet.). Regardless, the brief now refers throughout to the applicable record in this appeal.

501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with family code section 107.016(3)(C). *P.M.*, 520 S.W.3d at 27.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 9, 2019

4