

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00013-CV

_____

IN THE INTEREST OF M.H. AND C.H., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-527816-13

Before Birdwell, Kerr, and Bassel, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

A.H., the father of two children, appeals from a trial court's order terminating his parental rights and awarding permanent managing conservatorship of both children to the Department of Family and Protective Services.[1] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We affirm.

Father's appointed appellate counsel has filed a brief in which he asserts that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although provided with the opportunity to obtain a copy of the appellate record and file a pro se response, Father has not done so. The Department of Family and Protective Services has declined to file a response.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for

---

[1]The trial court originally terminated Father's rights along with the children's mother's in a September 2018 judgment, which only Father appealed. *See In re M.H.*, No. 02-18-00329-CV, 2019 WL 1284912, at *1 (Tex. App.—Fort Worth Mar. 21, 2019, no pet.) (mem. op.). We reversed that judgment as to Father and remanded the case to the trial court for a new trial at which Father was to be afforded appointed counsel. *See id.* at *2–3. This appeal is from the judgment after that new trial.

appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating Father's parental rights to M.H. and C.H.

Counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016(3)(C). *P.M.*, 520 S.W.3d at 27.

Per Curiam

Delivered: April 30, 2020

3