

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00164-CV

———————————————

IN THE INTEREST OF E.N., A CHILD

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 19-5791-367

Before Kerr, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

S.N. (Father) appeals from the trial court's order terminating his parental rights to his daughter E.N. (Ella)[1] and awarding permanent managing conservatorship of her to the Department of Family and Protective Services.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (K), (b)(2). We affirm.

Father's appointed appellate counsel has filed a brief asserting that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights-termination cases). The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although provided with the opportunity to obtain a copy of the appellate record and to file a pro se response, Father has not done so. The Department of Family and Protective Services has declined to file a response.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated Ella's mother's parental rights, but Ella's mother has not appealed.

appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We thus affirm the trial court's order terminating Father's parental rights to Ella.

Father's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with Family Code Section 107.016(3)(C). *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(3)(C).

Per Curiam

Delivered:  November 19, 2020