279 S.W.3d 849 (2009)
In the Interest of D.D., et al., Minor Children.
No. 05-08-00001-CV.
Court of Appeals of Texas, Dallas.
February 23, 2009.
Abenigo Dennis, Lina Ukele, Dallas, TX, Carole Kustoff Stevens, Plano, TX, for Appellant.
Alyson Marie Dietrich, Asst. Dist. Atty., McKinney, TX, for Appellee.
Before Justices WRIGHT, O'NEILL, and LANG.

OPINION
Opinion by Justice WRIGHT.
Mother appeals from the trial court's order terminating her parental rights to her three children. Mother is represented on appeal by court-appointed counsel who has filed an Anders brief on her behalf concluding that, after thorough review of the record, Mother's appeal of the termination of her parental rights is frivolous and without merit. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
This Court has not previously addressed the propriety of filing an Anders *850 brief in a parental rights termination case. However, eight of our sister courts have addressed this issue and concluded that Anders procedures are applicable in cases involving termination of parental rights. See Taylor v. Tex. Dep't of Protective & Regulatory Servs., 160 S.W.3d 641, 646 (Tex.App.-Austin 2005, pet. denied); In re D.E.S., 135 S.W.3d 326, 329 (Tex.App.-Houston [14th Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex.App.-Houston [1st Dist.] 2003, no pet.); Porter v. Tex. Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex.App.-Corpus Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex.App.-Fort Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, no pet.); In re K.S.M., 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.); In re A.W.T., 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet). We join our sister courts in holding that Anders procedures apply in termination of parental rights cases.
Following a bench trial, the trial court terminated Mother's parental rights to her three children. One of Mother's children, D.D., suffered a severe skull fracture and fifteen rib fractures. D.D. was just two months old at the time of her injuries. Throughout the process, both Mother and D.D.'s Father[1] insisted that they were D.D.'s only caretakers. They never offered a viable explanation for D.D.'s injuries.
In reviewing an Anders brief, this Court is not required to review the merits of each claim raised in the brief or a pro se response. Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.Crim.App.2005). Rather, this Court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. Id. The Anders brief filed by appellant's counsel presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal.[2] A copy of this brief was delivered to Mother, who was notified of her right to seek other counsel or file a pro se response. Mother has filed a pro se response. We have reviewed the record, counsel's brief, and Mother's pro se response. See Bledsoe, 178 S.W.3d at 827. We agree the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. We affirm the trial court's final order terminating Mother's parental rights to her three children and grant her counsel's motion to withdraw.
NOTES
[1] Father's parental rights were also terminated. Although Father filed a notice of appeal, he did not pursue his appeal any further.
[2] Counsel for Mother conducted a thorough review of the record. She conducted a thorough analysis of the legal and factual sufficiency of the evidence with regard to whether: (1) Mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children; (2) Mother engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children; and (3) termination was in the children's best interest.