

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00261-CV

IN THE INTEREST OF A.H., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-101079-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant D.H. (Mother) appeals from the trial court's judgment terminating her parent-child relationship with son A.H. After a bench trial, the trial court found by clear and convincing evidence that Mother had

- knowingly placed or knowingly allowed A.H. to remain in conditions or surroundings which endangered his physical or emotional well-being;

---

[1]*See* Tex. R. App. P. 47.4.

- engaged in conduct or knowingly placed A.H. with persons who had engaged in conduct which endangered his physical or emotional well-being; and

- constructively abandoned A.H., who had been in the permanent or temporary managing conservatorship of the Texas Department of Family and Protective Services (TDFPS) for not less than six months and (1) TDFPS made reasonable efforts to return A.H. to Mother; (2) Mother did not regularly visit or maintain significant contact with A.H.; and (3) Mother demonstrated an inability to provide A.H. with a safe environment.[2]

The trial court also found that termination of the parent-child relationship would be in A.H.'s best interest.[3]

Mother's court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in support, stating that after diligently reviewing the record, he believes that any appeal by Mother would be frivolous.[4]  Mother's appointed appellate counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced on appeal.[5]  Although given the opportunity, neither Mother nor TDFPS filed a response to the *Anders* brief.

---

[2]*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D)–(E), (N) (West Supp. 2015).

[3]*See id.* § 161.001(b)(2).

[4]*See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding *Anders* procedures apply in parental termination cases).

[5]*See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

2

As the reviewing appellate court, we must conduct an independent evaluation of the record to decide whether counsel is correct in determining that Mother's appeal is frivolous.[6]  Having carefully reviewed the record and the *Anders* brief, we agree with Mother's appellate counsel that her appeal is frivolous and without merit.  We find nothing in the record that arguably might support the appeal.[7]

Accordingly, we grant Mother's appellate counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  November 19, 2015

---

[6] *See id.*; *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[7] *See D.D.*, 279 S.W.3d at 850; *see also Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

3