In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00344-CV**
_____

**IN THE INTEREST OF R.B. AND M.B.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-226,333**

**MEMORANDUM OPINION**

In this parental-rights-termination case, the trial court terminated Mother's

and Father's parental rights to R.B. and M.B.[1] after Father failed to appear and a jury

found that Mother's parental relationship with the children should be terminated.

After the trial court rendered judgment, Mother perfected her appeal. Subsequently,

the court-appointed attorney representing Mother in her appeal filed an *Anders* brief.

*See Anders v. California*, 386 U.S. 738 (1967); *see also In re L.D.T.*, 161 S.W.3d

_____

[1] We use the initials of the minors and refer to their parents as Mother and
Father to protect the minors' identities. *See* Tex. R. App. P. 9.8.

1

728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). In the brief, Mother's appellate attorney indicated that he had reviewed the record, and that he could find no non-frivolous argument that could be raised to challenge the trial court's ruling terminating Mother's rights to R.B. and to M.B.

In our opinion, the brief filed by Mother's court-appointed attorney complies with the requirements established for the filing of an *Anders* brief. The brief presents the attorney's professional evaluation of the record, and the brief explains why no arguable grounds exist that would allow counsel to file a brief seeking to reverse the judgment terminating Mother's parental rights. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Mother's appellate attorney also represented to the Court that he provided Mother with a copy of the *Anders* brief, that he notified Mother of her right to file a pro se brief, and that he provided Mother with a copy of the record from the trial.

After counsel filed the *Anders* brief, we notified Mother, by letter, that she had the right to file a pro se response, and that her response was due by December 13, 2017. Although given the opportunity to file a response, our records show that Mother did not do so. Our records also show that the Texas Department of Family

and Protective Services filed a response indicating that it would not file a brief in the appeal unless we requested that it do so.

In response to the *Anders* brief filed in Mother's appeal, we have independently evaluated the record of the trial that resulted in the termination of Mother's parental rights to two of her children in order to determine if arguable grounds exist that might support a decision to reverse the judgment the trial court rendered following the trial. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). After independently reviewing the record from the trial, we conclude that no arguable grounds exist to support an appeal from the trial court's judgment, and we conclude that Mother's appeal is frivolous. *See In re K.R.C.*, 346 S.W.3d at 619; *In re D.D.*, 279 S.W.3d at 850.

Accordingly, we affirm the final judgment. We deny the motion to withdraw filed by Mother's court-appointed appellate attorney because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B) (West Supp. 2017); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Should Mother desire to pursue an appeal to the Supreme Court of Texas, counsel may satisfy his obligations to Mother "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27-28.

3

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 27, 2017
Opinion Delivered January 18, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.