# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-18-00065-CV
_____

### IN THE INTEREST OF S.A.T.

On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. CIV30539

## MEMORANDUM OPINION

In this parental-rights termination case, the trial court terminated Mother's[1]

parental rights to S.A.T. after Mother failed to appear at a bench trial and the trial

judge found that Mother's parental relationship with S.A.T. should be terminated.

The record shows that Mother filed a notice of appeal. Subsequently, in this Court,

the attorney the trial court appointed to represent Mother filed an *Anders* brief. *See*

---

[1] To protect the identity of the minor child, we have not used the name of the child, her parents' names, or the names of other members that are in her family. *See* Tex. R. App. P. 9.8(a), (b).

1

*Anders v. California*, 386 U.S. 738 (1967); *see also In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). In the brief, Mother's appellate attorney indicated that he had reviewed the record, and that he could find no non-frivolous arguments which he could raise to challenge the trial court's ruling terminating Mother's rights to S.A.T.

In our opinion, the brief filed by Mother's court-appointed attorney complies with the requirements for an *Anders* brief. The brief presents the attorney's professional evaluation of the record, and it explains why no arguable grounds exist that would allow counsel to file a brief raising arguments claiming that the judgment the trial court rendered should be reversed. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Mother's appellate attorney also represented to the Court that he provided Mother with a copy of the *Anders* brief filed in her appeal, that he notified Mother of her right to file a pro se brief, and that he explained to Mother how she could get a copy of the record that is before us in the appeal.

After counsel filed the *Anders* brief, we notified Mother, by letter, that she had the right to file a pro se response. The letter informed Mother that her response was due by May 2, 2018. Although given the opportunity to file a response, Mother did not respond to the Court's letter. Our records also show that the Texas

2

Department of Family and Protective Services filed a response stating that it would not file a brief in the appeal unless the Court requested that it do so.

We have independently evaluated the record of the trial, which resulted in the termination of Mother's parental rights. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). After independently reviewing the record, we conclude no arguable grounds exist to support Mother's appeal and Mother's appeal is frivolous. *See In re K.R.C.*, 346 S.W.3d at 619; *In re D.D.*, 279 S.W.3d at 850.

Therefore, we affirm the final judgment. We deny the motion to withdraw filed by Mother's court-appointed appellate attorney, as a court-appointed attorney's duty to his client extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B) (West Supp. 2017); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Should Mother desire to pursue an appeal to the Supreme Court of Texas, counsel may satisfy his obligations to Mother "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27-28.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 8, 2018
Opinion Delivered July 12, 2018
Before Kreger, Horton and Johnson, JJ.

3