**Affirm and Opinion Filed May 3, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00967-CV

## IN THE INTEREST OF T.S. AND T.Y., CHILDREN

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-19-818-X**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Molberg

Mother and Father separately appeal the trial court's order terminating their parental rights to T.S. and T.Y. Father's counsel has filed a brief stating the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Mother's counsel also filed an *Anders* brief before withdrawing it and filing an amended brief in which she argues the trial court failed to properly extend the suit's automatic dismissal date pursuant to section 263.401(a) of the family code. When one parent files an *Anders* brief, and the other parent raises an issue seeking to overturn the trial court's judgment, we can both address the issue raised and conduct an *Anders* analysis. *See In re K.K.*, No. 05-18-01254-CV, 2019 WL 1233267 (Tex. App.—Dallas Mar. 15, 2019, no pet.) (mem. op.). Because we conclude the trial

court extended the automatic dismissal date prior to the case being dismissed and otherwise find no meritorious issues in our review of the record, we affirm the trial court's judgment.

## Mother's jurisdictional issue

Appellant Mother argues in her brief that the trial court's July 13 docket entry—"Continue because of Covid. Extend d.o.d. on 8/10/20"—did not suffice to extend the initial automatic dismissal date because it was noncompliant with family code section 263.401, which, to extend a parental termination suit's dismissal date, requires a court to find that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department" and "continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE § 263.401(b). Because the docket entry did not include these required findings, she argues, the Department's suit was automatically dismissed on August 10, and the trial court's final judgment is void. Under family code section 263.401(a),

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

TEX. FAM. CODE § 263.401(a).  And under subsection (b), unless the court has

commenced trial on the merits,

> the court may not retain the suit on the court's docket after the time
> described by Subsection (a) unless the court finds that extraordinary
> circumstances necessitate the child remaining in the temporary
> managing conservatorship of the department and that continuing the
> appointment of the department as temporary managing conservator is
> in the best interest of the child. If the court makes those findings, the
> court may retain the suit on the court's docket for a period not to exceed
> 180 days after the time described by Subsection (a).

*Id.* § 263.401(b).  If the suit is retained on the court's docket, "the court shall render

an order" that (1) schedules a new dismissal date, which must not be later than 180

days after the first dismissal date; (2) "makes further temporary orders for the safety

and welfare of the child as necessary to avoid further delay in resolving the suit;

and" (3) sets trial for a date not later than the new dismissal date.  *Id.*

In this case, the trial court entered an order for emergency care and temporary

custody on August 9, 2019.  The automatic dismissal date was therefore Monday,

August 10, 2020.  The clerk's record indicates a hearing was held on July 13, 2020,

after which the trial court made the following docket entry: "Father alleged to be

making veiled threats to DFPS and Court.  DA, DFPS, RM & atty, RF atty, GAL

CASA, atty ad litem.  Still need TBJ.  Continue because of Covid.  Extend d.o.d. on

8/10/20[.]"  No reporter's record of this hearing is before us on appeal.  That

extension made the new dismissal date February 8, 2021, which was reflected in the

court's case summary.  The court conducted another hearing on November 16, 2020,

and entered this docket entry: "DA, DFPS, GAL, RM atty, RF atty, CASA, Latest emergency order. No juries before 2/2/2021. We wik [sic] not make dismissal date. Extend based on latest order."[1]  On March 14, 2021, the trial court again extended the dismissal date,[2] but this time entered an order, finding that "extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of TDFPS, continuing the appointment of TDFPS as temporary managing conservator is in the best interest of the children and necessary for the administration of justice, pursuant to the First Emergency Order, and that the Court's jurisdiction should be extended."  The court scheduled jury trial for August 23, 2021, and trial commenced on that day.

The Supreme Court of Texas discussed and applied the provisions at issue here in *In re G.X.H.*, 627 S.W.3d 288 (Tex. 2021), which we conclude controls the resolution of the jurisdictional question raised by Mother.  In that case, the dismissal date was September 24, 2018.  *Id*. at 292.  On August 27, the Department filed a motion to retain the suit on the court's docket pursuant to section 263.401(b), and a hearing was held on August 29.  *Id*. at 293.  The court did not enter any order relating

---

[1] The emergency COVID-19 order in effect at the time allowed courts, in proceedings under Subtitle E, Title 5 of the Texas Family Code, "to extend the dismissal for an additional period not to exceed 180 days from the date of this Order" "for any case previously retained on the court's docket pursuant to Section 263.401(b) or (b-1), or for any case whose dismissal date was previously modified under an Emergency Order of this Court related to COVID-19[.]"  Twenty-Ninth Emergency Order Regarding COVID-19 State of Disaster, 629 S.W.3d 863, 863–64 (Tex. 2020).

[2] The COVID-19 order in effect during this hearing was entered March 5, 2021, and it contained the same above-quoted language relating to dismissal-date extensions in parental termination cases.  Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster, 629 S.W.3d 897 (Tex. 2021).

to the motion, but it made a docket entry on August 29, stating, "Motion for continuance – cps, strickling, cooper, parents, serious injury case, med recs missing for trial, agreed continuance – 10/17/18 for trial, extension granted to reach the agreed trial date; trial – 10/17/18[.]" *Id.* The supreme court concluded the docket entry was sufficient under section 263.401(b) to retain jurisdiction over the case, finding that "the only reasonable interpretation" of the entry was that it granted an extension of the automatic dismissal date. *Id.* at 297–98. The court rejected the appellants' contention that, "because the two findings required by section 263.401(b) do not appear in the record[,]" the dismissal date was not validly extended. *Id.* at 298. The court noted that the statute requires a court to make the two findings but observed that the family code "permits trial courts to render orders orally in the presence of the court reporter or in writing on its docket sheet or by a separate written instrument." *Id.* at 299 (citing TEX. FAM. CODE § 101.026). The court continued,

> Here, the trial court held an oral hearing on the Department's motion for continuance weeks before the initial dismissal date. No party filed a response opposing a continuance of the trial date or extension of the dismissal date. Indeed, the docket entry created on the date of the oral hearing reflects that the trial court granted the extension and that the parties agreed to the continuance of the trial. The parents now complain about the absence of written findings required by section 263.401(a). We note, first, that nothing in the record reflects the parents ever raised this complaint in the trial court. More importantly, the parents ignore that trial courts are empowered to make the section 263.401(a) findings in writing in a separate instrument or orally in the presence of a court reporter. Where, as here, the trial court held an oral hearing on the proposed extension and the parties failed to bring forth the record of that hearing on appeal, we will presume the trial court made the necessary findings to support the extension orally on the record at the

hearing. Trial courts should make the section 263.401(b) findings in a written order as a matter of course, but we hold that the failure to do so is not error, provided the findings are made orally on the record or in some other writing. We further hold that, where the trial court granted an extension after conducting an oral hearing and the record of that hearing is not made part of the record on appeal, courts may imply the section 263.401(a) findings were made on the record at the oral hearing.

*Id*. (citations omitted).

Applying *In re G.X.H.* to the facts of this case, we must conclude that, on this record, the trial court's docket entry sufficed to extend the automatic dismissal date. The only reasonable interpretation of the entry—"Continue because of Covid. Extend d.o.d. on 8/10/20"—is that it extended the automatic "date of dismissal," which was "8/10/20." Just as in *G.X.H.*, there are no findings under section 263.401(a) relating to this extension in the record before us, and there is no reporter's record before us from the hearing after which the trial court made this docket entry. Given that the "trial court granted an extension after conducting an oral hearing and the record of that hearing is not made part of the record on appeal," we "imply the section 263.401(a) findings were made on the record at the oral hearing." *See G.X.H.*, 627 S.W.3d at 299.

Mother relies on this Court's recent decision in *In re J.S.*, No. 05-21-00898-CV, 2022 WL 620709 (Tex. App.—Dallas Mar. 3, 2022, no pet. h.) (mem. op.), arguing the statutory findings are jurisdictional. In that case, the initial dismissal date for the termination suit was February 8, 2021. *Id*. at *3. The case was first set for trial on that date, but trial did not commence; instead, the "court conferred off

–6–

the record with the parties' attorneys and then announced on the record that the parents would receive a jury trial and that the trial would take place on June 14." *Id.* The Department asked the trial court to "find that it's in the child's best interest to remain in the care of the Department and extend the case so that it can be officially retained on the Court's docket[,]" the parents did not object, and the court found that "it's in the best interest of the child for this case to be extended, that the child remain in its current placement and that the Department remain as the temporary managing conservator of the child." *Id.* A month and a half later, on March 30, the trial court signed an order finding that "'extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the Department,' 'that continuing the appointment of the Department as temporary managing conservator is in the best interest of the child,' setting the new dismissal date for August 7 (which was 180 days after February 8), and setting the case for trial on June 14." *Id.* Jury trial was held on June 14 and 15. *Id.*

The Court concluded the March 30 order was entered too late (after the initial dismissal date of February 8) to extend the jurisdictional period; the question therefore was whether the February 8 oral finding on the record satisfied section 263.401(b) and extended the dismissal date. *Id.* The Court concluded the oral finding did not satisfy 263.401(b) because the trial court did not find "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department." *Id.* "A finding that it is in the child's

–7–

best interest for the case to be extended and for the Department to remain as temporary managing conservator is not a finding of extraordinary circumstances as required by subsection (b)." *Id.* Thus, after February 8, the case was automatically dismissed because the trial court's jurisdiction terminated. *Id.* at 4. The trial court's judgment was void. *Id.*

The Court in *J.S.* answered a different question than the one presented here. There, the Court concluded that making one of the required findings under section 263.401(a) did not work to make the other required finding. Here, we conclude the trial court extended the dismissal date, and we do not have a record before us to say that it failed to make either of the required findings. The Court in *J.S.* acknowledged such a circumstance when it stated, "The supreme court has recognized only one situation in which the making of the findings may be presumed, and that is when the trial court grants an extension after holding a hearing and there is no reporter's record of the hearing." *J.S.*, 2022 WL 620709, at *3 (citing *G.X.H.*, 627 S.W.3d at 299).

Accordingly, we conclude the Department's suit was not automatically dismissed on August 10, 2020, because the trial court extended the automatic dismissal date on July 13, 2020, and retained jurisdiction over the case. We overrule Mother's sole issue.

### Father's *Anders* brief

As noted above, Father's counsel filed a brief pursuant to *Anders*, 386 U.S. at 738. Counsel provided Father a copy of the brief filed on his behalf and advised him

about his right to examine the record and file his own response. Additionally, this Court provided Father a copy of the brief filed by counsel and notified Father about his right to examine the appellate record and file a pro se response. Father did not file such a response.

In August 2019, the Texas Department of Family and Protective Services filed a petition seeking to terminate Mother's and Father's parental rights to T.S. and T.Y. after a physician examined one of the children and concluded she had been physically abused. A trial before the court was held in August 2021. Evidence showed that the Department became involved with T.S. and T.Y. after concerns arose about physical abuse of T.Y. Dr. Suzanne Dakil examined T.Y., who was fifty-one days old at the time, and determined that T.Y. had 26 different fractures. Dr. Dakil concluded there was no medical problem explaining the fractures; instead, they were consistent with child abuse. Evidence showed that Father, Mother, and Paternal Grandfather were the sole caretakers of T.Y. up to that point. T.S. was also taken into care because he was one year old and thus "not able to protect himself from abuse or neglect." Evidence also showed Mother and Father used marijuana around T.S. and T.Y. Caseworkers from the Department testified Mother and Father failed to participate in their service plans. They were discharged from individual counseling, they refused to take drug tests after their initial tests were positive, and they refused to complete psychiatric consultations.

The trial court found that Mother and Father knowingly placed or allowed the children to remain in conditions or surroundings that endanger the physical or emotional well-being of the children, *see* TEX. FAM. CODE § 161.001(b)(1)(D); engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, *see id.* § 161.001(b)(1)(E); and failed to comply with the provisions of a court order that specifically established the actions necessary for Mother and Father to obtain the return of the children, who were in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of removal under chapter 262, *see id.* § 161.001(b)(1)(O). The trial court further found that termination of the parent-child relationship between Mother and Father and the children was in the best interest of the children. *See id.* § 161.001(b)(2).

The procedures outlined in *Anders* apply in termination of parental rights cases. *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). In reviewing *Anders* briefs, we do not review the merits of each claim raised in the brief or pro se response. *Id.* Instead, we determine whether there are any arguable grounds for reversal, and if there are, we remand the case for new counsel to be appointed. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

In his *Anders* brief, Father's appellate counsel demonstrates he reviewed the record and concludes the appeal is without merit and frivolous. *See Anders*, 386 U.S. at 744. We independently reviewed the whole record and counsel's brief, and

we agree the appeal is frivolous and without merit.  We find nothing in the record that could arguably support the appeal.

## Conclusion

We affirm the trial court's judgment terminating Mother's and Father's parental rights.

210967f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF T.S. AND
T.Y., CHILDREN

No. 05-21-00967-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JC-19-818-X.
Opinion delivered by Justice
Molberg. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of May 2022.