**AFFIRMED and Opinion Filed May 31, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00037-CV

### IN THE INTEREST OF R.W., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-00344-W**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Mother appeals the trial court's order terminating her parental rights to R.W. Her court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief stating that the appeal is wholly without merit and frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious issues in our review of the record, we affirm the trial court's judgment but deny counsel's motion to withdraw.

Mother's counsel filed a brief pursuant to *Anders*, 386 U.S. at 738. Counsel provided Mother a copy of the brief filed on her behalf and advised her about her right to examine the record and file her own response. Additionally, this Court provided Mother a copy of the brief filed by counsel and notified Mother about her

right to examine the appellate record and file a pro se response.  Mother did not file such a response.

In April 2020, the Texas Department of Family and Protective Services filed a petition seeking to terminate Mother's parental rights to R.W. after the Department received a referral reporting that Mother had physically abused R.W., who was one year old at the time.  The petition was supported by the affidavit of Sheri Brock, a Department employee, who received a report that there were videos showing Mother "smacking" R.W. while he was in a crib and "putting her hand over [R.W.'s] mouth and nose, as if she were trying to suffocate him."

On April 24, 2020, Brock met with a police detective at the Dallas Children's Advocacy Center and viewed the videos.  In the first video, Mother was lying on the floor and R.W. was in a crib.  R.W. was "sitting up in the bed crying."  Mother crawled over to the crib and pushed R.W.'s head, "causing his head and body to fall back onto the mattress."  In the second video, Mother picked R.W. out of a crib and sat down with him on the floor.  Mother then held one hand over R.W.'s mouth and nose while her other hand held the back of R.W.'s head.  R.W.'s "body was extended straight, struggling for air."  Mother removed her hand from R.W.'s mouth and nose, and R.W. "could be seen gasping for air."  Mother then placed her hand back over R.W.'s nose and mouth and the video ended.

The detective told Brock that Mother was currently at a shelter with R.W., but police officers were on their way to arrest Mother and transport her to the advocacy

center for an interview. After the detective interviewed Mother, the detective told Brock that Mother admitted to what was seen in the video, and Mother was being charged with injury to a child.

Brock spoke with Mother, who said R.W. was born in Seattle, and she had been in Texas for three weeks. Mother stated she has two other children, but her oldest who was "removed from her when she went to jail" was subsequently adopted and she "gave her middle son up for adoption at birth so that she could focus on getting her oldest son back." Mother admitted to pushing R.W.'s head down into the bed and covering his mouth and nose with her hand. Mother stated she only pushed R.W.'s head down one time but had put her hand over R.W.'s "one other time after the time that was seen on the camera." Mother stated she had been diagnosed with depression, anxiety, and PTSD, but she denied taking any medication. Mother's mother and sister had both been diagnosed as bipolar-schizophrenic, and Mother stated it was possible she was also bipolar-schizophrenic. As a child, Mother grew up in foster care after being removed from her mother due to physical abuse and sexual abuse by her mother's boyfriend.

The trial court found that Mother knowingly placed or allowed R.W. to remain in conditions or surroundings that endanger the physical or emotional well-being of the child, *see* TEX. FAM. CODE § 161.001(b)(1)(D); engaged in conduct or knowingly placed R.W. with persons who engaged in conduct that endangered the physical or emotional well-being of the child, *see id.* § 161.001(b)(1)(E); was convicted or had

–3–

been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child, *see id.* § 161.001(b)(1)(L); and failed to comply with the provisions of a court order that specifically established the actions necessary for Mother to obtain the return of R.W, who was in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of removal under chapter 262, *see id.* § 161.001(b)(1)(O).  The trial court further found that termination of the parent-child relationship between Mother and R.W. was in the best interest of the child.  *See id.* § 161.001(b)(2).  Mother appealed.  The trial judge then appointed new counsel to represent Mother on appeal.  Appellate counsel filed an *Anders* brief and motion to withdraw.

The procedures outlined in *Anders* apply in termination of parental rights cases.  *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).  In reviewing *Anders* briefs, we do not review the merits of each claim raised in the brief or pro se response.  *Id.*  Instead, we determine whether there are any arguable grounds for reversal, and if there are, we remand the case for new counsel to be appointed.  *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

In his *Anders* brief, Mother's appellate counsel demonstrates he reviewed the record and concludes the appeal is without merit and frivolous.  *See Anders*, 386 U.S. at 744.  We independently reviewed the whole record and counsel's brief, and we agree the appeal is frivolous and without merit.  We find nothing in the record

that could arguably support the appeal. Accordingly, we affirm the trial court's order. *In re G.W.*, No. 05-17-01006-CV, 2017 WL 5951727, at *1–2 (Tex. App.—Dallas Dec. 1, 2017, pet. denied) (mem. op.)

However, we deny counsel's motion to withdraw. Counsel offers no reason to withdraw other than the appeal's frivolousness, which is not sufficient good cause for withdrawing. *See id.*; *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Consequently, counsel's obligations have not been discharged. *See In re G.W.*, 2017 WL 5951727, at *2. If Mother, after consulting with counsel, desires to file a petition for review, counsel must file a petition for review that satisfies *Anders*. *See id.*

We affirm the trial court's judgment terminating Mother's parental rights and deny Mother's counsel's motion to withdraw.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220037F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF R.W., A CHILD

No. 05-22-00037-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas Trial Court Cause No. JC-20-00344-W.

Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered May 31, 2022