**Affirmed and Opinion Filed August 22, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00277-CV

## IN THE INTEREST OF A.L.D.-B., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-910-W**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

This is an appeal from the trial court's March 10, 2022 Agreed Order of Termination (the Agreed Order), which terminated Father's parental relationship with his son A.L.D.-B. Father's court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief stating that the appeal is wholly without merit and frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) ("*Anders* procedures apply in termination of parental rights cases."); *see also In re J.L.B.*, No. 05-20-00526-CV, 2020 WL 6054340, at *1 (Tex. App.—Dallas Oct. 14, 2020, no pet.) (mem.

op.). We affirm the trial court's Agreed Order, but we deny counsel's motion to withdraw.

## Background

The Texas Department of Family and Protective Services (the Department) took possession of A.L.D.-B. on October 31, 2020. Father failed to pick up A.L.D.B. from school, and Father subsequently admitted he had been using methamphetamines regularly. The trial court issued temporary orders that identified actions required of Father to obtain the return of A.L.D.-B. Those actions included: undergoing a psychological evaluation, attending individual counseling, successfully completing a parenting class, successfully completing a drug and/or alcohol program, submitting to drug testing at the Department's request, and complying with any service plans developed during the pendency of the suit. The Department's December 2020 Family Plan addressed these requirements in detail and gave Father the providers' names and contact information so he could begin to work those services.

On February 22, 2022, Father and the Department mediated this case and—together with their attorneys—signed their Binding Mediated Settlement Agreement (the MSA). The MSA provided:

> The parent-child relationship between the father, Robert Edward Denton, and the child shall be terminated based on Section

16l.001(b)(1)(O) of the Texas Family Code and best interest and no other grounds.[1]

The court held its final hearing on March 7, 2022. Amber Hailey, the Department's conservatorship specialist in this case, testified that Father had not completed his drug rehabilitation program, had not complied with drug testing results, and had not sought psychiatric treatment. She testified that terminating Father's parental rights would be in A.L.D.-B.'s best interest. Father testified that the MSA was his agreement.[2]

On March 10, the trial court and all attorneys signed the Agreed Order, which (1) adopted the MSA, (2) terminated Father's parental rights based upon his failure to comply with required court-ordered actions, pursuant to section 161.001(b)(1)(O) of the Texas Family Code, and (3) concluded that termination was in the best interest of A.L.D.-B. This appeal followed.

## Discussion

The trial court's Agreed Order is rooted in the MSA. A trial court may refer a suit affecting the parent–child relationship to mediation. TEX. FAM. CODE ANN. § 153.0071(c). A mediated settlement agreement is binding on the parties if it:

---

[1] Along with procedural provisions for wrapping up the case, the MSA provided:

Post Termination visitation and contact for the father shall be considered and offered according to the recommendations of the child's mental health professionals and consistent with the desires of the child.

[2] Father also testified that he understood the MSA's provision concerning possible post-termination visitation and contact with A.L.D.-B. and he understood the recent change in the law allowing him to seek reinstatement of his rights if A.L.D.-B. is not adopted.

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id.* § 153.0071(d). Our review of the MSA established that it complied with each of these requirements. Accordingly, Father was entitled to judgment on the MSA. *See id.* § 153.0071(e); *see also In re J.L.B.*, 2020 WL 6054340, at *2. Indeed, "[a] trial court has only limited discretion to deny entry of judgment on a mediated settlement agreement that complies with the statutory requirements." *In re M.J.K.*, No. 05-15-01141-CV, 2016 WL 7163847, at *3 (Tex. App.—Dallas Nov. 16, 2016, no pet.) (mem. op.). In this case, undisputed evidence supported the termination ground on which the MSA and the trial court's Agreed Order were based: Father failed to comply with the trial court's orders establishing the actions necessary for return of A.L.D.-B., FAM. § 161.001(b)(1)(O), and termination was in A.L.D.-B.'s best interest, *id.* § 161.001(b)(2).

We conclude that counsel's brief meets the requirements of *Anders v. California*. The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. Counsel delivered a copy of the brief to Father. We advised Father of his right to file a pro se response, but he did not file a response. The State filed a letter response, in which it agreed with Father's counsel that the appeal is without merit. Given our review of the record and counsel's

–4–

brief, we agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably and substantively support the appeal of the Agreed Order.

However, we deny counsel's motion to withdraw. Counsel's motion is based on the frivolous nature of the appeal, but in this case that is not sufficient good cause for withdrawing. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam); *see also In re J.L.B.*, 2020 WL 6054340, at *3. Counsel's obligations have not been discharged. If Father, after consulting with counsel, desires to file a petition for review, counsel must file a petition for review that satisfies *Anders*. *See In re J.L.B.*, 2020 WL 6054340, at *3.

## Conclusion

We affirm the trial court's Agreed Order. We deny Father's counsel's motion to withdraw.


220277f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF ASHDON
LEE DENTON-BERNDSEN, A
CHILD

On Appeal from the 304th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JC-20-910-W.
Opinion delivered by Justice
Pedersen, III. Justices Schenck and
Molberg participating.

In accordance with this Court's opinion of this date, the trial court's
March 7, 2022 Agreed Order of Termination is **AFFIRMED**.

Judgment entered this 22nd day of August, 2022.