**Order entered September 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00388-CV

## IN THE INTEREST OF K.G.R., A CHILD

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 90189**

## ORDER

In this appeal from an order terminating Mother's parental rights, Mother's appointed counsel on appeal has filed an *Anders*[1] brief and a motion to withdraw stating that there are no non-frivolous arguments for appeal. The *Anders* procedure applies to parental termination cases. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). That procedure requires the parent's appointed appellate counsel to forward a copy of the motion and brief to the parent with a letter explaining that the parent has the right to file a *pro se* response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Here, the record indicates that Mother suffers from a cognitive impairment that precluded her from participating in the trial and appeal of this case.[2] At trial, Mother's appointed trial counsel informed the trial court that Mother "does not have the ability to tell me she wishes to waive her right to appeal" and requested that the trial court appoint an attorney to represent Mother for the appeal. In the motion to withdraw, Mother's appointed appellate counsel avers that a copy of the motion was sent to Mother's guardian ad litem, David Renshaw, who was thereby notified in writing of Mother's right to object to the motion. We note, however, that in the trial court's order of termination, entered on April 20, 2022, the trial court relieved Mr. Renshaw of his duties as guardian ad litem. Thus, at the time Mother's appellate counsel notified Mr. Renshaw of the *Anders* brief and motion to withdraw, Mr. Renshaw had no duty or authority to take any action on Mother's behalf. We find nothing in the record to indicate that Mother is currently represented by a guardian ad litem.

We conclude that, without a guardian ad litem representing Mother in this appeal, Mother's right—to file an objection or response to the *Anders* brief and motion to withdraw—cannot be preserved or protected.

Accordingly, we **ORDER** (1) the Honorable Keli Aiken, Presiding Judge, 354th Judicial District Court of Hunt County, to appoint a guardian ad litem to represent Mother through the pendency of this appeal, including any appeals to the

---

[2] Mother was represented in the trial court by an appointed legal counsel and an appointed guardian ad litem.

2

Texas Supreme Court; and (2) Susan Spradling, Hunt County District Clerk, to file a supplemental clerk's record containing the order of appointment **WITHIN TEN DAYS** of the date of this order.

We further **ORDER** that Mother's appointed guardian ad litem shall have **TEN DAYS** from the date of his or her appointment to file in this Court any objection or brief in response to the *Anders* brief, or alternatively, a letter to this Court stating that no objection or response brief will be filed.

We **DIRECT** the Clerk of this Court to send copies of this Order to the Honorable Keli Aiken, Presiding Judge, 354th Judicial District Court of Hunt County; to Susan Spradling, Hunt County District Clerk; and to counsel for all parties. Upon receipt of the supplemental clerk's record, the Clerk of this Court shall immediately provide a copy of the *Anders* brief and motion to withdraw to the guardian ad litem.

This appeal is **ABATED** to allow the trial court and counsel to comply with this Order. The appeal shall be reinstated when the supplemental clerk's record is received or when the Court deems it appropriate to do so.[3]

/s/ BONNIE LEE GOLDSTEIN
PRESIDING JUSTICE

---

[3] We advise the trial court, district clerk, counsel, and guardian ad litem that our deadline to dispose of this appeal is 180 days from the filing of the notice of appeal, Tex. R. Jud. Admin. 6.2(a), and request that all persons subject hereto expedite their compliance to the extent practicable.