**AFFIRMED and Opinion Filed September 22, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00437-CV**
_____

**IN THE INTEREST OF G.G.-H., A CHILD**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 91067**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Garcia

Mother appeals from an order terminating her parental rights with respect to her teenaged son, G.G.-H. Her appointed counsel has filed a brief in which she concludes that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). We conclude that counsel is correct and affirm the trial court's order.

### I.  BACKGROUND

In April 2022, the Texas Department of Family and Protective Services filed this suit seeking termination of Mother's parental rights as to her twelve-year-old

son G.G.-H. His father's parental rights had been terminated when G.G.-H. was an infant.

The case was tried before a jury. Mother did not appear in person but did appear through appointed counsel. The case was tried over two days, and the Department and G.G.-H.'s attorney ad litem developed evidence that Mother was homeless, had been using illegal drugs for 20 years or more, had five pending criminal cases, and did not visit G.G.-H. during the pendency of the case. There was also evidence that G.G.-H. lived with his grandmother before he was removed, but his grandmother's health was declining, and she was no longer willing to take care of him.

The jury found facts supporting termination of Mother's rights under Texas Family Code § 161.001(b)(1)(E), (N), and (O). The jury also found that terminating the parent–child relationship between Mother and G.G.-H. was in G.G.-H.'s best interest. The trial judge accepted those findings and signed an order terminating Mother's parent–child relationship with G.G.-H.

Mother's trial counsel timely perfected this appeal. New counsel was appointed to represent Mother on appeal.

Mother's counsel has filed an *Anders* brief. Counsel certified that she had provided Mother with a copy of the brief and informed her of her right to review the record and to file a pro se response to the brief. We also notified Mother of her rights and directed her to contact the Court by September 4, 2023, if she desired to review

–2–

the record and file a response. To date, Mother has not filed anything with the Court concerning this case.

## II. ANALYSIS

The procedure prescribed by *Anders v. California* applies when appointed counsel in a parental-termination case determines that an appeal is frivolous and without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Under this procedure, counsel must conscientiously evaluate the appeal and file a brief that notes, with record references and citations to authority, anything that might arguably support the appeal. *See Arevalos v. State*, 606 S.W.3d 912, 915 (Tex. App.—Dallas 2020, order), *subsequent proceeding*, No. 05-19-00466-CR, 2020 WL 5087778 (Tex. App.—Dallas Aug. 28, 2020, order) (mem. op., not designated for publication), *disp. on merits*, 2021 WL 2948582 (Tex. App.—Dallas June 30, 2021, no pet.) (mem. op., not designated for publication).

When counsel files an *Anders* brief in a termination case, we must determine whether there are any arguable grounds for reversal and, if there are, remand the case for appointment of new counsel. *In re D.D.*, 279 S.W.3d at 850. We are not, however, required to review the merits of each potential issue raised in the *Anders* brief or in a pro se response. *Id*.

In this case, counsel has filed a brief that demonstrates that there are no arguable grounds for reversal. The brief summarizes, with record references, the evidence adduced at trial. It identifies, with citations to authority, the standards of

–3–

review applicable to the various rulings made in the case, and it applies the law to the facts of the case. We note that the brief's discussion of the rulings on the objections made at trial is arguably too cursory. However, it gives record references for all of Mother's objections, and relatively few objections were made during the two-day bench trial. Having reviewed the record, we accept counsel's *Anders* brief because any appellate complaint about the evidentiary rulings would be frivolous.

We recently noted that it is unclear how the rules announced in *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam), apply in *Anders* cases. *See In re Z.E.*, No. 05-22-01337-CV, 2023 WL 3595627, at *3, *6 (Tex. App.—Dallas May 23, 2023, pet. denied) (mem. op.). Out of an abundance of caution, we will detail the evidence supporting our conclusion that legally and factually sufficient evidence supports the jury's finding that Mother engaged in conduct that endangered G.G.-H.'s physical or emotional well-being. *See In re N.G.*, 577 S.W.3d at 237 (holding that the court of appeals must detail its analysis when affirming a termination under § 161.001(b)(1)(D) or (E)).

A parent endangers her child's physical or emotional well-being if her conduct exposes the child to a life of uncertainty and instability. *In re T.J.*, No. 05-22-00954-CV, 2023 WL 1988838, at *3 (Tex. App.—Dallas Feb. 14, 2023, no pet.) (mem. op.). Thus, a parent's use of illegal drugs—particularly after a child's removal—can constitute endangering conduct within the meaning of § 161.001(b)(1)(E). *See In re A.C.*, No. 05-22-00341-CV, 2022 WL 4923519, at *6 (Tex. App.—Dallas Oct. 4,

2022, no pet.) (mem. op.). A parent's prolonged lack of contact with a child or absence from a child's life also qualifies as endangering conduct, as does a parent's failure to cooperate with the Department and failure to participate in court-ordered services. *In re T.J.*, 2023 WL 1988838, at *8, *9. A parent's imprisonment is also a fact properly considered on the issue of endangerment. *In re L.E.H.*, No. 05-18-00903-CV, 2018 WL 6839565, at *5 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.).

At trial, witness testimony supported the following facts:

- At the time of trial, April 2023, G.G.-H. was thirteen years old, and Mother had been a drug user for twenty years or more.

- G.G.-H. was born addicted to heroin and opiates.

- Mother was homeless during the pendency of this case.

- At the time of trial, Mother had five outstanding arrest warrants. The punishment range for four of those offenses was two to ten years in prison.

- Mother was jailed at least twice in 2021 and once in autumn 2022. She had used heroin and "meth" the day before she began her period of incarceration in autumn 2022.

- The trial court ordered Mother to submit to random drug testing. She appeared for testing only once, and as a result of the test the trial court ordered that she could not have visitation with G.G.-H.

- Mother failed to comply with several of the court-ordered services required of her in this case.

- Mother never visited G.G.-H. during the pendency of this case, even before the trial court ordered that she could not have visits with him.

- Although Mother was admitted to a halfway house in November 2022, she did not stay and complete the program.

The jury was entitled to credit the witness testimony supporting these facts. *See In re A.C.*, 559 S.W.3d 176, 180 (Tex. App.—Dallas 2017) (court of appeals "defer[s] to the factfinder's credibility determinations"), *aff'd*, 560 S.W.3d 624 (Tex. 2018). Applying the proper standards of review, *see id.*, we conclude that the evidence was legally and factually sufficient to support the jury's finding that Mother's conduct endangered G.G.-H.'s physical or emotional well-being.

## III. CONCLUSION

Having reviewed the record and the *Anders* brief, we conclude that there is no non-frivolous basis for this appeal. Accordingly, we affirm the trial court's judgment. We note, however, that Mother's counsel's duties to Mother continue through the filing of a petition for review in the Texas Supreme Court. *See In re Z.E.*, 2023 WL 3595627, at *7.

/Dennise Garcia/
DENNISE GARCIA
230437F.P05                JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF G.G.-H., A CHILD

No. 05-23-00437-CV

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 91067.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 22nd day of September 2023.