

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00273-CV

———————————————————

IN THE INTEREST OF D.O., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-714643-22

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant D.B. (Mother) appealed from the trial court's final order naming her possessory conservator of her child, D.O., and naming the Department of Family and Protective Services as permanent managing conservator. However, her appointed attorney has filed an *Anders* brief asserting that Mother's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The *Anders* brief meets *Anders*'s requirements by professionally evaluating the record and demonstrating why no arguable appellate grounds could be advanced.

Mother's counsel has certified that he provided Mother with a copy of the *Anders* brief and informed her of her rights to request and review the appellate record and to file a pro se response in this court. Mother's counsel also certified to us that he had explained to Mother the process of obtaining the appellate record; furnished her with a motion for pro se access to the record, which lacked only Mother's signature and the date; and provided her with our mailing address and the motion's filing deadline. We also informed Mother that her appointed appellate counsel had filed an *Anders* brief, and we gave her an opportunity to examine the appellate record and to file a pro se response to the *Anders* brief. Mother did not file a response. The

Department's attorney filed a letter stating that she agreed with Mother's attorney that there are no meritorious grounds for appeal and that, accordingly, the Department would not file a reply to the *Anders* brief.

We have carefully reviewed the *Anders* brief and the appellate record. We have determined that no jurisdictional issues exist. The trial court complied with Texas Family Code Section 263.401 in retaining the suit on its docket past the original dismissal date, and the trial court held the trial and signed the order before the extended dismissal date. *See* Tex. Fam. Code Ann. § 263.401. We also found no concerns regarding the application of the Indian Child Welfare Act; the record shows that Mother denied Native American heritage and denied being affiliated with or registered with any Native American tribe. *See* 25 U.S.C.A. § 1912.

Mother's parental rights were not terminated, so there is no concern regarding the evidentiary sufficiency to support one of the predicate termination grounds required under the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1). Further, sufficient evidence supports the trial court's finding that it was in D.O.'s best interest to name the Department as managing conservator. *See id.* § 263.404 (allowing trial court to appoint the Department as managing conservator without terminating a parent's parental rights); *In re R.M.*, No. 02-18-00004-CV, 2018 WL 2293285, at *5 (Tex. App.—Fort Worth May 21, 2018, no pet.) (mem. op.) (discussing evidence relevant to best-interest determination). At trial, the caseworker testified about both D.O.'s meconium and Mother's urine testing positive for drugs at D.O.'s birth, and

the Department produced the relevant medical records. The caseworker further testified that Mother had completed only one service under her service plan, a copy of which was admitted at trial; that Mother had been asked to leave both her psychological evaluation and her individual counseling; that Mother had not responded the last time that the caseworker asked her to take a drug test; that Mother had recently had another baby and had stopped showing interest in D.O., keeping only four of her scheduled weekly visits in the last three months before trial; and that Mother had stopped responding to the caseworker's phone calls.

The caseworker testified that D.O. had been placed with Mother's aunt, and the Department's plan was for the aunt to obtain the licensing required to eventually be named D.O.'s permanent managing conservator. Both the caseworker and the aunt testified about how well D.O. was doing in the aunt's care, and the aunt stated that she was willing to continue supervising Mother's visits and was committed to keeping D.O. The trial evidence supports the trial court's best-interest finding. *See In re D.L.W.W.*, 617 S.W.3d 64, 93–95 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (reviewing and upholding trial court's conservatorship decision).

Finally, Mother had appointed counsel at trial, and we have found no grounds to support an ineffective-assistance-of-counsel claim.

Finding nothing in the record that could arguably support an appeal, we agree with counsel that Mother's appeal is without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We thus affirm the trial court's final order.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  November 22, 2023