

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00165-CV

———————————————

IN THE INTEREST OF E.L. AND P.L., CHILDREN

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-764877-25

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services filed a petition to terminate Appellant Father's parental rights to his two children, Emma and Paul.[1] After a jury trial, the trial court awarded managing conservatorship of Father's two children to Maternal Grandmother and awarded Father possessory conservatorship with expanded standard possession.[2] Father appealed.

Father's appointed appellate counsel has filed an *Anders* brief in which he concludes that, after a thorough review of the appellate record, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (approving *Anders* procedures in termination-of-parental-rights appeals)*; In re K.W.*, No. 02-23-00082-CV, 2023 WL 4289613, at *1 (Tex. App.—Fort Worth June 30, 2023, no pet.) (mem. op.).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and showing why there are no arguable grounds to advance

---

[1] We use an alias to identify each child and identify family members by their relationship to the child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2] On February 26, 2025, the trial court severed the suit involving Father and his two children from a suit encompassing both their case and a case involving a third child with a different father. *See In re Z.D.*, No. 02-25-00114-CV, 2025 WL 2177389, at *1 (Tex. App.—Fort Worth July 31, 2025, no pet. h.) (mem. op.). The suit involving the third child retained the original cause number, 325-741045-23, and the suit involving Father and his two children was assigned cause number 325-764877-25. Notwithstanding the severance into cause number 325-764877-25, the trial court's April 1, 2025 order disposing of the case involving Father, Emma, and Paul incorrectly bears the earlier cause number, 325-741045-23.

on appeal.[3]  Further, Father's attorney (1) provided Father with a copy of the *Anders* brief, (2) informed Father of his right to file a pro se response, and (3) advised Father of his right to access the appellate record from our court and provided him with instructions and a draft motion for obtaining the record.[4]  *In re M.H.*, No. 02-24-00487-CV, 2025 WL 937487, at *3 (Tex. App.—Fort Worth Mar. 27, 2025, pet. denied) (mem. op.).

---

[3]The crux of Father's *Anders* brief is that Father waived his right to appeal. Regarding Father's waiver, the record shows that after the jury verdict on managing conservatorship, Father and Maternal Grandmother entered into an agreement regarding Father's rights of possession, but the trial court conditioned accepting their agreement on Father's waiving his right to appeal.  Father initially balked because he wanted to appeal the jury's verdict on managing conservatorship.  The proceedings recessed so that Father could talk to his trial counsel.  When the proceedings resumed, Father stated his agreement with Maternal Grandmother on the record.  The trial court later stated, "So, [Father], while you are present . . . you have waived your right to appeal, so you've locked in the agreement."  Thereafter, however, Father's trial counsel—who is also acting as Father's appellate counsel—filed a notice of appeal. We will not speculate on why Father's counsel filed a notice of appeal after Father waived his right to appeal.  We should not be seen to approve the trial court's action in conditioning acceptance of the possessory agreement on Father's waiving his right to appeal.  The Texas Family Code specifically addresses agreed parenting plans and how trial courts should handle them.  *See* Tex. Fam. Code Ann. § 153.007. Conditioning the court's approval of the agreement on a parent's waiving his right to appeal is not identified as one of the options.

[4]Counsel misinformed Father on one matter.  Counsel advised Father that he had the right to file a pro se petition for review in the Texas Supreme Court.  Father has the right to file a petition for review, but he does not have to do so pro se. Counsel's appointment lasts through proceedings in the Texas Supreme Court unless otherwise relieved.  *See* Tex. Fam. Code Ann. § 107.016(2)(C); *P.M.*, 520 S.W.3d at 27; *see also In re D.D.*, No. 02-25-00335-CV, 2025 WL 2177180, at *2–3 (Tex. App.—Fort Worth July 31, 2025, orig. proceeding) (mem. op.); *Z.D.*, 2025 WL 2177389, at *7 n.11.

3

We provided Father the opportunity to obtain a copy of the appellate record and file a pro se response, but he has not done so.[5] The Department has agreed with Father's counsel that the appeal is frivolous.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.). Having carefully reviewed counsel's brief and the appellate record, we agree with counsel that Father's appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

The Department has, however, asked that we correct one clerical error in the order. We agree to do so. *See In re C.D.M.*, No. 05-23-00582-CV, 2023 WL 7144645, at *13 (Tex. App.—Dallas Oct. 31, 2023, no pet.) (mem. op.) ("When we have the necessary information to do so, we may correct clerical errors in the judgment.").

The provision on page 30 of the trial court's order currently states, "IT IS ORDERED that [Father] submit to 2 nail bed drug tests each year. One nail bed test shall be submitted in the month of January, and the second *hair follicle* test shall be submitted in the month of July of each year." [Emphasis added.] We modify the second sentence of this portion of the order to read, "One nail bed test shall be

---

[5]Had Father filed a response, he might have explained why he filed a notice of appeal after waiving his right to appeal.

4

submitted in the month of January, and the second nail bed test shall be submitted in the month of July of each year."

And as a matter of correcting clerical error, we modify the cause number on the trial court's order to 325-764877-25.

As modified, we affirm the trial court's order.

Father's appellate counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See* Tex. Fam. Code Ann. § 107.016(2)(C); *P.M.*, 520 S.W.3d at 27; *see also D.D.*, 2025 WL 2177180, at *2–3; *Z.D.*, 2025 WL 2177389, at *7 n. 11.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 21, 2025