

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00115-CV

———————————————

IN THE INTEREST OF N.R., A CHILD

---

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-699434-21

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant G.R. (Mother) appeals a judgment terminating her parent–child relationship with her daughter, N.R.[1] The trial court found that the Department of Family and Protective Services had proved four conduct-based grounds for termination and that termination was in N.R.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (2). The trial court awarded permanent managing conservatorship of N.R. to the Department. Mother timely appealed.

## II. BACKGROUND

Mother's appointed appellate counsel filed a brief asserting that no "legally non-frivolous grounds for appeal" exist and that Mother's appeal is therefore frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so. The Department has agreed that

---

[1]N.R.'s parent–child relationship with her unknown father was also terminated, but no appeal was filed on his behalf.

no meritorious grounds for appeal exist and thus has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

As part of our independent review of the record, we noted that no Native American tribe is listed or identified anywhere in the appellate record filed with this court. However, we questioned whether the trial court had made an express finding on the record that the Indian Child Welfare Act (ICWA) did not apply to this proceeding and whether the entire appellate record had been filed. 25 U.S.C.A. §§ 1901–63. In response to our order, the trial judge signed findings indicating that (a) the appellate record filed in this court is complete and (b) although the trial judge did not make an express finding on the record, the evidence in the appellate record supports an implied finding that ICWA does not apply to these proceedings.

We have carefully reviewed not only these written findings, but also appointed appellate counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating the parent–child relationship between Mother and N.R.

Counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: September 16, 2022

4