

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00270-CV

———————————————

IN THE INTEREST OF F.M., A CHILD

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-698664-21

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

F.M. (Father) appeals from the trial court's order terminating his parental rights to his son F.M. (Finn)[1] and awarding permanent managing conservatorship of Finn to the Department of Family and Protective Services.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(E), (N), (Q), (b)(2). We will affirm.

Father's appointed appellate counsel has filed a brief asserting that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Father's counsel has also moved to withdraw as Father's counsel.

The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Father's counsel provided Father with copies of the *Anders* brief and the withdrawal motion and has informed Father of his rights to request and to review the

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated Finn's mother's parental rights, but Finn's mother has not appealed.

appellate record[3] and to file a pro se response in this court. We also informed Father that his appointed appellate counsel had filed an *Anders* brief and gave him an opportunity to examine the appellate record and to file a pro se response to the *Anders* brief.

Father filed a motion for pro se access to the record. We, in turn, sent him copies of the appellate record and the *Anders* brief and gave him an opportunity to file a response. Father filed a pro se response. The Department notified us that it agrees with Father's counsel that no meritorious grounds for appeal exist and thus has declined to file a responsive brief.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—

---

[3]To that end, Father's counsel explained to Father the process of obtaining the appellate record; furnished him with a motion for pro se access to the record, which lacked only Father's signature and date; and provided him with our mailing address and the motion's filing deadline.

Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief, the appellate record, and Father's pro se response. Finding nothing in the record that could arguably support an appeal, we agree with counsel that Father's appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We will thus affirm the trial court's order terminating Father's parental rights to Finn.

But we deny Father's counsel's motion to withdraw because counsel did not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, Father's counsel remains appointed in this case through proceedings in the Texas Supreme Court unless otherwise relieved from her duties for good cause in accordance with Texas Family Code Section 107.016(2)(C). *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 17, 2022

4