

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00329-CV

_____

IN THE INTEREST OF P.C., A CHILD

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-698967-21

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant C.C. (Mother) appeals the trial court's order terminating her parent–child relationship with her son, P.C.[1] The trial court found that the Department of Family and Protective Services had proved three conduct-based grounds for termination and that termination was in P.C.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2). The trial court awarded permanent managing conservatorship of P.C. to the Department. Mother timely appealed.

## II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that he "has been unable to identify any legally non-frivolous grounds for appeal" and that Mother's appeal is therefore frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

---

[1]P.C.'s parent–child relationship with his father was also terminated, but no appeal was filed on the father's behalf.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so. The Department has agreed that no meritorious grounds for appeal exist and thus has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed appointed appellate counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Mother and P.C.

Mother's counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance

with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: December 22, 2022