

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00402-CV

———————————————

IN THE INTEREST OF A.G., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-710726-21

Before Birdwell, Kerr, and Bassel, JJ.
Per Curiam Memorandum Opinion

Appellant B.H. (Mother) appeals the termination of her parental rights to her child A.G.[1] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2).

Mother's appointed appellate counsel has filed a brief asserting that this appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so. The Department has agreed that Mother has no meritorious grounds for appeal and thus has declined to file a responsive brief.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also

---

[1]In a termination-of-parental-rights case, we use aliases or initials for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to A.G.[2]

Per Curiam

Delivered: January 23, 2023

---

[2]Mother's counsel remains appointed in this appeal through proceedings in the supreme court unless she is otherwise relieved of her duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).