

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00454-CV

———————————————

IN THE INTEREST OF K.B., Z.B., G.C., K.C., J.C., AND P.B., CHILDREN

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-613430-17

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant A.B. (Mother)[1] appeals the trial court's order terminating her parent–child relationship with her children: K.B., Z.B., G.C., K.C., J.C., and P.B.[2] The trial court found that the Department of Family and Protective Services had proved three conduct-based grounds for termination and that termination was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2). The trial court awarded permanent managing conservatorship of the children to the Department. Mother timely appealed.

### II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that he "has been unable to identify any legally non-frivolous grounds for appeal" and that Mother's appeal is therefore frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief

---

[1]We use initials to refer to Mother and her children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The children's parent–child relationships with their fathers were also terminated, but no appeals were filed on behalf of the fathers.

meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so.[3] The Department has agreed that no meritorious grounds for appeal exist and thus has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see Schulman*, 252 S.W.3d at 408–09.

---

[3]We mailed Mother written notice informing her that her court-appointed counsel had filed an *Anders* brief and that she could obtain a copy of the appellate record and file a pro se response. However, this notice was returned to the court as undeliverable. Counsel informed us that he was having difficulty locating Mother and that his brief, which had been served on Mother by certified mail at her last known address, had been returned to him as well. Counsel reached out to Mother's trial court attorney to see if she had a better address for Mother, but these efforts were not fruitful. Given that a party who fails to keep her attorney informed of her current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se response, *In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) (orig. proceeding), we hold that counsel complied with his *Anders* duties in this case.

We have carefully reviewed appointed appellate counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Mother and the children.

Mother's counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/S/ Dana Womack

Dana Womack
Justice

Delivered: March 9, 2023

4