

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00305-CV

_____

IN THE INTEREST OF X.J., A CHILD

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-718905-22

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

The Texas Department of Family and Protective Services (Department) filed a petition to terminate the parent–child relationship between Father and his son X.J.[1] The trial court terminated Father's parental rights under Family Code Section 161.001(b) based on constructive abandonment, failure to follow court orders, and the child's best interest, as well as under Family Code Section 161.002(b)(1) for failing to timely file an admission of paternity or counterclaim for paternity. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(N), (O), (2), .002(b)(1). Father timely appealed from the trial court's order of termination.[2]

Father's appointed appellate counsel has filed a brief asserting that his appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Father was given the opportunity to obtain a copy of the appellate record and to file a

---

[1] In a termination-of-parental-rights case, we use aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2] In the same case, the trial court terminated the parental rights of the child's mother to X.J. and his three younger siblings and of the parental rights of the other children's father; neither of these parents has appealed.

pro se response, but he has not done so. The Department has declined to file a response.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. The record reflects that no one offered into evidence the certificate of paternity registry search and that no one asked the trial court to take judicial notice of the case's file, which contained that certificate. *Cf. In re E.O.*, 595 S.W.3d 858, 866 (Tex. App.—El Paso 2020, no pet.) ("The registry certificate entered into evidence here was sufficient to show lack of registration because it constituted more than a scintilla of evidence on the absence of registration of paternity by Alleged Father."); *In re V.S.R.K.*, No. 2-08-047-CV, 2009 WL 736751, at *3 (Tex. App.—Fort Worth Mar. 19, 2009, no pet.) (mem. op.) (noting that the trial court took judicial notice of the "certificate of paternity registry" on file with the court).

Further, Father filed a general denial in which he asserted that he was X.J.'s father, and in his "request for counsel/affidavit of indigence," Father asserted that he was "a parent of the child/ren named above." *See E.O.*, 595 S.W.3d at 867 (noting that Section 161.002(b)(1)'s required admission does "not necessarily require that an alleged biological father file a formal acknowledgment of paternity in accordance with Section 160.302"); *see also V.S.R.K.*, 2009 WL 736751, at *4 (same). In *V.S.R.K.*, we concluded that the trial court had erred by finding the appellant failed to admit paternity when—as here—he asserted his paternity in documents filed in the trial court. 2009 WL 736751, at *3–5. Because the evidence is legally and factually insufficient to support the trial court's Section 161.002(b)(1) finding, we delete it from the judgment. *See id.*

Other than deleting the Section 161.002(b)(1) finding, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we modify the trial court's judgment to delete that finding and affirm the trial court's judgment as modified.[3]

---

[3]Counsel did not file a motion to withdraw. Accordingly, he remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 7, 2023