

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00059-CV

_____

IN THE INTEREST OF A.H. AND A.H., CHILDREN

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-729961-23

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

The trial court terminated Appellant Father's[1] parental rights to his older child Adam under Family Code Section 161.001(b)(1)(D), (E), (O), (P), and (b)(2) and to his younger child Andrew under Family Code Section 161.002(b)(1).[2] *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(D), (E), (O), (P), (b)(2), 161.002(b)(1).[3]

In two issues as to Andrew, Father complains that the evidence is legally and factually insufficient to support the trial court's judgment. Father's appointed counsel has asserted as to Adam that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). We affirm in part and reverse in part.

---

[1]We use aliases to identify the children and identify family members by their relationship to the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated Mother's parental rights, but she has not appealed.

[3]As to Andrew, the trial court also made a best-interest finding but no substantive 161.001(b)(1) findings. *Cf.* Tex. Fam. Code Ann. § 161.002(a) ("Except as otherwise provided by this section, the procedural and substantive standards for termination of parental rights apply to the termination of rights of an alleged father."); *In re C.M.C.*, No. 14-12-00186-CV, 2012 WL 3871359, at *3 (Tex. App.—Houston [14th Dist.] Aug. 30, 2012, pet. denied) (mem. op. on reh'g) (explaining that an admission of paternity gives an alleged father the right to proceed to trial and to require the Department of Family and Protective Services (DFPS) to prove by clear and convincing evidence that he engaged in one of the types of conduct listed in Section 161.001(b)(1) *and* that termination is in the child's best interest).

## II. *Anders*

As to Adam, Father's appointed counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Father was given the opportunity to obtain a copy of the appellate record and to file a pro se response, but he has not done so. DFPS agrees with Father's counsel that Father's appeal as to Adam has no meritorious grounds.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, DFPS's brief, and the appellate record, and we agree that this portion of the appeal is without merit.[4] *See Bledsoe v.*

---

[4]Counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

*State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

### III.  Section 161.002(b)(1)

In part of his first issue as to Andrew, Father argues that the evidence is legally insufficient[5] to support the trial court's judgment under Section 161.002.   In his second issue as to Andrew, Father argues that his parental rights could not be terminated solely on best interest.

### A.  Background

At the beginning of the January 26, 2024 trial, the trial court took judicial notice of its file, which included what DFPS's counsel referred to as April 24, 2023 "filings of the paternity registry search for both children."   But the documents filed on April 24, 2023, were not certificates of a paternity registry search.   Instead, the documents state, "Pursuant to Section 155, Family Code, you are advised that according to the Central Record File, the above individual has not been the subject of a suit affecting the parent–child relationship in which a judgment was entered on or after January 1,

---

[5]To determine whether the evidence is legally sufficient in parental-termination cases, we look at all the evidence in the light most favorable to the challenged findings to determine whether a reasonable factfinder could form a firm belief or conviction that the finding is true.  *In re Z.N.*, 602 S.W.3d 541, 545 (Tex. 2020).  We assume that the factfinder settled any evidentiary conflicts in favor of its finding if a reasonable factfinder could have done so.  *Id.*  We disregard all evidence that a reasonable factfinder could have disbelieved, and we consider undisputed evidence even if it is contrary to the finding.  *Id.*; *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

1974."[6]  *Compare* Tex. Fam. Code Ann. § 155.103 (jurisdiction) *with id.* § 160.422 (certificate of search of paternity registry).[7]  The record does not contain any paternity-registry-search certificates.

Also contained in the trial court's file of this case is Father's "Request for Counsel/Affidavit of Indigence," which he filed on February 27, 2023, almost a year before trial.  The caption references the trial court cause number and "In the Interest of H[.]/B[.[8]] Minor *Children*."  [Emphasis added.]  In the request, Father filled his name into the underlined blank space in this statement, "I, _____, *am a parent of the child/ren named above*."  [Emphasis added.]  He also checked "Denied" next to the statement, "*Child(ren)*'s American Indian status is (check one)."[9]  [Emphasis added.]

---

[6]Family Code Section 155.103 addresses a trial court's continuing exclusive jurisdiction and includes the statement, "A court shall have jurisdiction over a suit if it has been, correctly or incorrectly, informed by the vital statistics unit that the child has not been the subject of a suit and the petition states that no other court has continuing, exclusive jurisdiction over the child."  Tex. Fam. Code Ann. § 155.103(a).

[7]A certificate of a search of the paternity registry has certain statutory requirements: The certificate of the results of a search must be signed on behalf of the unit and state that (1) a search has been made of the registry and (2) a registration containing the information required to identify the registrant (A) has been found and is attached to the certificate or (B) has not been found.  Tex. Fam. Code Ann. § 160.422(b).  A petitioner must file the certificate of the results of a search of the registry with the court before a proceeding for the adoption of or termination of parental rights regarding a child may be concluded.  *Id.* § 160.422(c).

[8]On March 23, 2023, DFPS filed a motion to change the style of the case from *In the Interest of [A.S.H.] and Baby Boy [B.]* to *In the Interest of [A.S.H.] and [A.S.H.]*

[9]DFPS asserts, without citation to authority, that the optional plural of "child/ren" is insufficient as an acknowledgment of paternity, which it argues "should

5

The trial court acknowledged Father's paternity claim in its order appointing counsel immediately below Father's request, which states,

> On this 24 day of Feb, 2023, the Court, *having considered the parent's request for counsel*, finds that *this Respondent Parent* does not have the means to employ an attorney for representation in the Suit Affecting the Parent–Child Relationship now pending in this court and that *the Respondent Parent* cannot afford to pay costs. [Emphasis added.]

And in Father's February 16, 2023 waiver of service, captioned "In the Interest of [A.S.H.,] Baby Boy B[.]," the boilerplate language to which Father swore before a notary states, "I do not waive any rights that I may have with respect to the terms and conditions of conservatorship, support, and parental rights and duties related to the child subject of this suit." On this form, he again denied the "Child(ren)'s American Indian status."

At the trial's conclusion, the trial court found substantive Section 161.001 grounds upon which to terminate Father's parental rights to Adam. *See id.* § 161.001(b)(1)(D), (E), (O), (P), (b)(2). Instead of finding the same grounds as to Andrew, however, and contrary to the filings set out above, the trial court then stated,

> Court finds by clear and convincing evidence that after having waived service of process or being served with citation in the suit that the respondent, [Father], did not respond by timely filing an admission of paternity, []by filing a counterclaim for paternity, or for voluntary paternity to be adjudicated before the final court proceedings in this suit.

---

at least be child-specific to satisfy the requirement of section 161.002(b)." We refer DFPS to the cases—cited below—that reach the opposite conclusion and to the caption, which refers to both children.

6

Court also finds by clear and convincing evidence that termination of the parent–child relationship between the alleged father and [Andrew], the child subject of this suit, is in the best interest of the child.

And it is therefore ordered that the parent–child relationship, if any exists or could exist, between [Father] and [Andrew], a child the subject of this suit, is terminated.

In the final judgment, the trial court found the same substantive grounds as to Adam and that termination of the parent–child relationship between Father and Adam "is in the child's best interest, pursuant to [Section] 161.001(b)(2), Texas Family Code." *See id.* As to Andrew, the trial court relied on its Section 161.002(b)(1) finding and also found "by clear and convincing evidence that termination of the parent–child relationship between the alleged father and [Andrew] . . . is in the best interest of the child." *See id.* §§ 161.001(b)(2), 161.002(b)(1).[10]

---

[10]DFPS had sought termination of Father's parental rights to Andrew under Section 161.002 but also alleged that if Father appeared and was either established as Andrew's father or determined to be his presumed father, then his rights should be terminated to Andrew under Section 161.001(b)(1)(D), (E), (K), (N), (O), (P), and (b)(2). However, as noted above, the trial court made no Section 161.001(b)(1) findings as to Andrew. Although DFPS asserts that we can modify the judgment to delete the Section 161.002(b)(1) finding and to enter judgment applying the same Section 161.001(b)(1) findings that applied to Adam, we disagree. *See In re S.M.R.*, 434 S.W.3d 576, 581 (Tex. 2014) (explaining that termination can only be upheld on a ground that was *both* pleaded by the party seeking termination *and* found by the trier of fact); *see also In re D.G.*, No. 02-17-00332-CV, 2018 WL 547787, at *1 n.4 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.) (explaining that in *S.M.R.*, the supreme court refused to deem a ground pleaded by DFPS but not expressly found by the trial court in its judgment).

## B. Section 161.002(b)(1)

Subsection (b)(1) allows an alleged father's rights to be summarily terminated if "after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160." *Id.* § 161.002(b)(1); *In re V.S.R.K.*, No. 2-08-047-CV, 2009 WL 736751, at *3 (Tex. App.—Fort Worth Mar. 19, 2009, no pet.) (mem. op.). However, if the alleged father files an admission of paternity or otherwise claims paternity, then he can stave off summary termination of his rights, and DFPS must instead meet the high burden of proof found in Section 161.001. *V.S.R.K.*, 2009 WL 736751, at *3. That is, the admission of paternity gives the alleged father the right to proceed to trial and to require DFPS to prove by clear and convincing evidence that he engaged in one of the types of conduct listed in Section 161.001(b)(1) and that termination is in the child's best interest. *In re C.M.C.*, 273 S.W.3d 862, 882 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (op. on reh'g).

There are no formalities that must be observed for an admission of paternity to be effective. *V.S.R.K.*, 2009 WL 736751, at *4. Thus, an alleged father's admission of paternity may be made in filings responsive to DFPS's suit, including in an affidavit of indigency. *In re Y.W.*, No. 02-22-00334-CV, 2022 WL 17841830, at *4 (Tex. App.—Fort Worth Dec. 22, 2022, no pet.) (mem. op.).

If the trial court erroneously grants summary termination after an alleged father sufficiently admits paternity, reversal and remand for further proceedings consistent with the establishment of the parent–child relationship between parent and child is

the proper remedy. *In re E.O.*, 595 S.W.3d 858, 865 (Tex. App.—El Paso 2020, no pet.); *In re K.W.*, 138 S.W.3d 420, 433 (Tex. App.—Fort Worth 2004, pet. denied); *see V.S.R.K.*, 2009 WL 736751, at *9 & n.4 (reversing portion of the order that terminated father's parental rights, rendering judgment that DFPS take nothing on that termination claim, affirming the unchallenged portion of the order appointing DFPS as permanent managing conservator, and remanding for further proceedings).

The record reflects that Father informally admitted to Andrew's paternity in his waiver of service and his request for appointment of counsel. *See Y.W.*, 2022 WL 17841830, at *4 (noting that appellant signed "Request for Counsel/Affidavit of Indigence" in which he swore that he was "a parent of the child/ren named above," he signed the service plan as a parent, and his appointed counsel appeared on his behalf at pretrial permanency hearings and at trial, where she referred to him as one of the "parents"); *see also In re X.J.*, No. 02-23-00305-CV, 2023 WL 8467499, at *2 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.) (deleting Section 161.002(b)(1)'s finding from the judgment when appellant filed a general denial in which he asserted that he was the child's father and asserted he was "a parent of the child/ren named above" in his "request for counsel/affidavit of indigence"); *V.S.R.K.*, 2009 WL 736751, at *4 (holding same when appellant filed a general denial, filled out form requesting counsel in which he stated that he was the child's father, and requested DNA testing); *cf. E.O.*, 595 S.W.3d at 861, 867–68 (holding no paternity admission when appellant did not apply for court-appointed counsel and there was no other

writing in the record or conduct at trial that would arguably show that he informally acknowledged his paternity or expressed that he wanted to oppose termination of his rights to the child).

Because the evidence is legally insufficient to support the trial court's Section 161.002(b)(1) finding and because the trial court could not terminate Father's parental rights to Andrew solely on the best-interest finding under Section 161.001, *see C.M.C.*, 2012 WL 3871359, at *3, as to Andrew, we sustain the legal sufficiency portion of Father's first issue without reaching his factual sufficiency complaint, *see* Tex. R. App. P. 47.1, and we sustain his second issue.

## IV. Conclusion

Because the evidence is legally insufficient to support terminating Father's parental rights to Andrew under Section 161.002(b)(1), and because the trial court's best-interest finding alone cannot support termination under Section 161.001, we sustain the first portion of Father's first issue as to Andrew and sustain his second issue as to Andrew, reverse this portion of the trial court's judgment, render judgment that DFPS take nothing on its claim under Section 161.002(b)(1), and remand the case as to Andrew for further proceedings,[11] during which time Andrew will remain in

---

[11]By admitting paternity, Father became entitled to proceed to trial under Section 161.001(b)(1) and (2), which requires an evidentiary hearing and additional fact findings by the trial court. *C.M.C.*, 273 S.W.3d at 882. Because circumstances concerning the child or parent may have changed since the trial court rendered its termination order, we are unable to render a judgment that disposes of all remaining

10

DFPS's custody.[12]  We affirm the remainder of the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  July 11, 2024

---

issues in the case as to Andrew and must remand to the trial court for further proceedings under Section 161.205.  *See id.* at 882 n.13.

[12]In the final judgment, the trial court appointed DFPS as the children's permanent managing conservator after finding that appointment of either parent as the children's managing conservator was "not in the children's best interest because the appointment would significantly impair [their] physical health or emotional development."  Father has not challenged this portion of the trial court's judgment.