

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00444-CV

———————————————

IN THE INTEREST OF S.W., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-742406-23

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services (Department) filed a petition to terminate the parent–child relationship between Mother and her daughter S.W.[1] The trial court terminated Mother's parental rights under Family Code Section 161.001(b) based on endangerment, failure to follow court orders, and the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2). Mother timely appealed from the trial court's termination order.[2]

Mother's appointed appellate counsel has filed a brief asserting that her appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Mother was given the opportunity to obtain a copy of the appellate record and to file a pro se response, but she has not done so. The Department agrees with Mother's counsel that Mother has no meritorious grounds upon which to appeal and has declined to file a response.

---

[1]In a termination-of-parental-rights case, we use aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]In the same order, the trial court terminated the parental rights of the child's alleged and presumed fathers, neither of whom has appealed.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record and agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment.[3]

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 16, 2025

---

[3]Counsel did not file a motion to withdraw. Accordingly, he remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).