

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

—————————————————

## No. 02-25-00248-CV

—————————————————

IN THE INTEREST OF Z.T., K.T., AND L.T., CHILDREN

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-742354-23

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

The Texas Department of Family and Protective Services (Department) filed a petition to terminate the parent–child relationship between Mother and her children, Z.T., K.T., and L.T.[1] The trial court terminated Mother's parental rights under Family Code Section 161.001(b) based on endangerment, constructive abandonment, failure to follow court orders, and the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(E), (N), (O), (2). Mother timely appealed from the trial court's order of termination.[2]

Mother's appointed appellate counsel has filed a brief asserting that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Mother was given the opportunity to obtain a copy of the appellate record and to file a pro se response, but she has not done so. The Department has declined to file a

---

[1]In a termination-of-parental-rights case, we use aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]In the same case, the trial court terminated the parental rights of the children's alleged and unknown fathers, none of whom have appealed.

response but agrees with Mother's appointed counsel that there are no non-frivolous grounds to support the appeal.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment.[3]

---

[3]Counsel filed a motion to withdraw but remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 14, 2025