

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00546-CV

———————————————

IN THE INTEREST OF L.L., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-761451-24

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

L.L.'s father[1] appeals the trial court's order terminating his parent–child relationship with L.L. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(E), (b)(2).

Father's appointed appellate counsel has filed a brief asserting that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Further, Father's attorney (1) provided Father with a copy of the *Anders* brief, (2) informed Father of his right to file a pro se response, (3) advised Father of his right to access the appellate record from our court and provided him with instructions and a draft motion for obtaining the record, and (4) informed Father of the right to seek further appellate review from the Texas Supreme Court should we decide that the appeal is frivolous. *See In E.L.*, No. 02-25-00165-CV, 2025 WL 2423335, at *1 (Tex. App.—Fort Worth Aug. 21, 2025, pet. denied) (mem. op.).

Father was provided with the opportunity to obtain a copy of the appellate record and to file a pro se response. He did not file a pro se response. The

---

[1]In a termination-of-parental-rights appeal, we use aliases or initials for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

Department of Family and Protective Services declined to file a brief but in a letter sent to this court agreed that the appeal is frivolous.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no arguable grounds for appeal, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Father's parent–child relationship with L.L.[2]

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: March 19, 2026

---

[2]Counsel remains appointed in this appeal through proceedings in the supreme court unless he is otherwise relieved of his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order).